1  Eugene P. Ramirez (State Bar No. 134865)
      *eugene.ramirez@manningkass.com*
2  Andrea Kornblau (State Bar No. 291613)
      *andrea.kornblau@manningkass.com*
3  Khouloud Pearson (State Bar No. 323108)
      *Khouloud.Pearson@manningkass.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7
   Attorneys for Defendant(s)
8

9               **UNITED STATES DISTRICT COURT**
10
        **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**
11

12 RAUL PADILLA, JR.,                    Case No.

13            Plaintiff,

14      v.                               ( Riverside County Superior Court Case
                                         No. CVME2405897)
15 CITY OF HEMET; a public entity;
16 HEMET POLICE DEPARTMENT;           **NOTICE OF REMOVAL OF**
   CHIEF OF POLICE MICHAEL            **ACTION BY DEFENDANT**
17 ARELLANO, in his individual an     **PURSUANT TO 28 U.S.C. § 1441(b);**
   official capacities; OFFICER COLBY **DECLARATION OF KHOULOUD**
18 SKAUG; SERGEANT BRENT             **E. PEARSON AND EXHIBIT**
   CHRISTIANSON; OFFICER
19 EVANGELIQUE CORDERO;
   OFFICER DYLAN WERTS; OFFICER
20 GERARDO ORTIZ; OFFICER JOSE
   VERA; OFFICER ISAAC VIVANCO;
21 OFFICER MOISES GUZMAN;
   OFFICER J. GENERA; OFFICER D.       Action Filed:    December 6, 2024
22 BROOKS; and DOES 1 through 100,     Trial Date:      TBA
   inclusive,
23
              Defendants.
24

25 **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

26      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a),

27 Defendant CITY OF HEMET ("Defendant") hereby removes, to this Court, the state

28 court action described below:

1.    The action pending in the Superior Court of the State of California in and for the County of Riverside, entitled RAUL PADILLA, JR. v. CITY OF HEMET; HEMET POLICE DEPARTMENT; CHIEF OF POLICE MICHAEL ARELLANO, in his individual an official capacities; OFFICER COLBY SKAUG; SERGEANT BRENT CHRISTIANSON; OFFICER EVANGELIQUE CORDERO; OFFICER DYLAN WERTS; OFFICER GERARDO ORTIZ; OFFICER JOSE VERA; OFFICER ISAAC VIVANCO; OFFICER MOISES GUZMAN; OFFICER J. GENERA; OFFICER D. BROOKS; and DOES 1 through 100, inclusive; Riverside County Court Case No. CVME2405897, was commenced on December 6, 2024.

2.    The first date on which removing defendant CITY OF HEMET became aware of the pleading was January 15, 2025. (Pearson Decl. ¶ 4, 5; **Exh A**.)  As required by 28 U.S.C. § 1446, a copy of the summons and complaint is attached hereto and incorporated herein as **Exhibit "A."**

4.    As the appended record demonstrates, the action pending in the state court is a civil action within the original federal question jurisdiction of the federal district courts under 28 U.S.C. §§ 1331 and 1343, in that it alleges civil rights violations and contains claims for relief brought by the Plaintiff, pursuant to 42 U.S.C. § 1983.

Specifically, Plaintiff's claims for relief allege violations of the Fourth Amendment to the United States Constitution for use of excessive force against the Plaintiff and municipal liability. (*See* **Exhibit A, pages 4-19**.)

Further, the face of the complaint alleges that defendant CITY police officers COLBY SKAUG, BRENT CHRISTIANSON, EVANGELIQUE CORDERO, DYLAN WERTS, GERARDO ORTIZ, JOSE VERA, ISAAC VIVANCO; OFFICER MOISES GUZMAN, J. GENERA,  D. BROOKS were acting under color of law on behalf of defendant CITY. (*See* **Exhibit A, pages 4-19**.)

Finally, the complaint alleges that defendant CITY OF HEMET is liable for

MANNING | KASS

1   the alleged claims, including federal claims, against Plaintiff. (*See* **Exhibit A, page**

2   **4-19**.)

3       5.      Because the state court action is one within the federal question

4   jurisdiction of the federal district courts, the action can be removed to federal court

5   without regard to the citizenship of the parties under 28 U.S.C. § 1441(a) and (b).

6       6.      Removal to this district court is proper under 28 U.S.C. § 1441(a)

7   because the Superior Court of the State of California for the County of Riverside is

8   geographically located within this Court's jurisdiction.

9       7.      Removal is timely under 28 U.S.C. § 1446 because this Notice of

10  Removal has been filed within 30 days of the service or knowledge of the complaint

11  stating a claim within federal jurisdiction.

12      8.      Removal is proper under 28 U.S.C. § 1446(b) because the other

13  defendants, HEMET POLICE DEPARTMENT; CHIEF OF POLICE MICHAEL

14  ARELLANO, in his individual an official capacities; OFFICER COLBY SKAUG;

15  SERGEANT BRENT CHRISTIANSON; OFFICER EVANGELIQUE CORDERO;

16  OFFICER DYLAN WERTS; OFFICER GERARDO ORTIZ; OFFICER JOSE

17  VERA; OFFICER ISAAC VIVANCO; OFFICER MOISES GUZMAN; OFFICER

18  J. GENERA; and OFFICER D. BROOKS consent to this removal.

19      9.      Defendant CITY OF HEMET respectfully requests the above-entitled

20  action, now pending in the Superior Court of the State of California, in and for the

21  County of Riverside, be removed to this Court.

22  DATED:  February 14, 2025         **MANNING & KASS**

23                                    **ELLROD, RAMIREZ, TRESTER LLP**

24                                    By: */s/ Andrea K. Kornblau, Esq.*

25                                        Eugene P. Ramirez, Esq.

26                                        Andrea K. Kornblau, Esq.

                                          Khouloud Pearson, Esq.

27                                        Attorneys for Defendants

28

**NOTICE OF REMOVAL**

## DECLARATION OF KHOULOUD E. PEARSON

I, KHOULOUD E. PEARSON, declare as follows:

1.    I am an attorney at law duly authorized to practice before all the courts of the State of California.  I am also authorized to practice in the United States District Court, Central District of California.  I am an attorney at the law firm of Manning & Kass, Ellrod, Ramirez, Trester, LLP, attorneys of record  for defendants City Of Hemet, Hemet Police Department, Chief Of Police Michael Arellano, in his individual and official capacities, Officer Colby Skaug, Sergeant Brent Christianson, Officer Evangelique Cordero, Officer Dylan Werts, Officer Gerardo Ortiz, Officer Jose Vera, Officer Isaac Vivanco, Officer Moises Guzman, Officer J. Genera, and Officer D. Brooks.

2.    I am completely familiar with all the files, facts and pleadings in this case, and, if called upon as a witness, I could and would competently testify to the following facts based upon my own personal knowledge or based upon information and belief.

3.    I am one of the attorneys representing Defendant CITY OF HEMET in the above-entitled action now pending in Riverside County Superior Court.  I am also one of the attorneys responsible for representing the CITY OF HEMET in this case, if allowed to be removed to federal court.

4.    Attached and incorporated as **Exhibit "A"** is a true and correct copy of the summons and complaint filed on December 24, 2024, in the Riverside County Superior Court, by Plaintiff, naming the CITY OF HEMET a defendant. The complaint alleges violations of 42 U.S.C. § 1983 and California state law claims.

5.    Defendant CITY OF HEMET became aware of the summons and complaint on January 15, 2025.

/ / /

/ / /

/ / /

1    I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct.

3    Executed on February 14, 2025, at Los Angeles, California.

4

5    _Khoufoud E. Pearson_
_____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

MANNING | KASS

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 12/06/2024 01:12 PM
Case Number CVME2405897 0000113336046 - Jason B. Galkin, Executive Officer/Clerk of the Court By K. LeBrun, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF HEMET, a public entity; HEMET POLICE DEPARTMENT, CHIEF OF POLICE MICHAEL ARELLANO, in his individual and official capacities; OFFICER COLBY SKAUG; SERGEANT BRENT CHRISTIANSON; OFFICER EVANGELIQUE CORDERO; OFFICER DYLAN WERTS; OFFICER GERARDO ORTIZ; OFFICER JOSE VERA; OFFICER ISAAC VIVANCO; OFFICER MOSES GUZMAN; OFFICER J. GENERA; OFFICER D. BROOKS; and DOES 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Raul Padilla, Jr.

CITY CLERK'S OFFICE
CITY OF HEMET
15JAN2025
18:55:11
RECEIVED

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Menifee Courthouse<br><br>27401 Menifee Center Drive, Menifee CA 92584 | CASE NUMBER:<br>*(Número del Caso):*<br><br>CVME2405897 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven C. Glickman Glickman & Glickman, ALC 15233 Ventura Blvd., Suite 400 Sherman Oaks CA 91403 (310) 273-4040

| DATE:<br>*(Fecha)* 12/06/24 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HEMET POLICE DEPARTMENT

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
        ☒ other *(specify):* CCP416.50 Public Entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

Electronically FILED by Superior Court of California, County of Riverside on 12/06/2024 01:12 PM
Case Number CVME2405897 0000113336045 - Jason B. Galkin, Executive Officer/Clerk of the Court By K. LeBrun, Clerk

1 | Steven C. Glickman, Esq. (SBN 105436)
Email: scg@glickman-law.com
2 | Nicole E. Hoikka, Esq. (SBN 306324)
Email: neh@glickman-law.com
3 | GLICKMAN & GLICKMAN
A LAW CORPORATION
4 | 15233 Ventura Blvd., Suite 400
Sherman Oaks, CA 91403
5 | Tel: (310) 273-4040

6 | Attorneys for Plaintiff Raul Padilla, Jr.

7

8 | SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE, MENIFEE JUSTICE CENTER

9

10

11 | RAUL PADILLA, JR.,                          ) CASE NO.    CVME2405897
                                             )
12 |                   Plaintiff,             )
                                             )
13 |        v.                                ) **COMPLAINT FOR DAMAGES**
                                             )
14 | CITY OF HEMET, a public entity; HEMET    )     1. **Excessive Force (42 U.S.C. § 1983)**
POLICE DEPARTMENT; CHIEF OF                  )     2. **Assault and Battery**
15 | POLICE MICHAEL ARELLANO, in his          )     3. **Deliberate Indifference to Medical**
individual and official capacities; OFFICER  )        **Care in Violation of Civil Rights**
16 | COLBY SKAUG; SERGEANT BRENT              )        **Under the 14th Amendment (42**
CHRISTIANSON; OFFICER                         )        **U.S.C. § 1983)**
17 | EVANGELIQUE CORDERO; OFFICER             )     4. **Deliberate or Reckless Fabrication**
DYLAN WERTS;  OFFICER GERARDO                 )        **and/or Suppression of Evidence (42**
18 | ORTIZ; OFFICER JOSE VERA; OFFICER        )        **U.S.C. § 1983)**
ISAAC VIVANCO; OFFICER MOISES                 )     5. **Failure to Properly Screen, Hire,**
19 | GUZMAN;  OFFICER J. GENERA;              )        **Train, Supervise, and Discipline –**
OFFICER D. BROOKS; and DOES 1 through         )        ***Monell* Claim (42 U.S.C. § 1983)**
20 | 100, inclusive,                          )     6. **Violation of the Bane Act (Cal. Civ.**
                                             )        **Code § 52.1)**
21 |                   Defendants.            )     7. **Failure to Summon Immediate**
                                             )        **Medical Care (Cal. Gov. Code §**
22 |                                          )        **845.6)**
                                             )     8. **Negligence**
23 | _____ )     9. **Violation of the Ralph Act (Cal. Civ.**
                                                      **Code § 57.1)**
24 |                                              [Unlimited Jurisdiction]

25 |                                              ***JURY TRIAL DEMANDED***

26 |                                                      **I.**

27 |                                                   **PARTIES**

28 |        1.      Plaintiff RAUL PADILLA, JR. (hereinafter "Plaintiff") at all times mentioned in

1   this Complaint was a resident of the County of Riverside, State of California. The events, acts,

2   and/or omissions complained of herein occurred in the City of Hemet, County of Riverside,

3   California.

4          2.     Defendant CITY OF HEMET (hereinafter "City") is and at all times herein

5   mentioned was a public entity organized and existing under the laws of the State of California, and

6   assumes the liabilities for the HEMET POLICE DEPARTMENT ("Department"), and other CITY

7   entities, officials, and personnel. Defendant CITY owns, operates, manages, directs and controls

8   Defendant DEPARTMENT, which employees other defendant in this action. Defendant CITY is

9   liable under Government Code sections 815.2 and 820 for the negligent acts of the CITY'S

10  employees.

11         3.     Defendant MICHAEL ARELLANO, at all times relevant, was employed as the

12  Chief of Police by Defendant CITY and was acting in the course and scope of that employment.

13  As Chief of Police, Defendant ARELLANO was a policy-making official of the CITY with the

14  power to make official and final policy for the DEPARTMENT. Defendant ARELLANO is sued

15  in his individual and official capacities.

16         4.     Defendants Hemet City Police Officers COLBY SKAUG (#10779) BRENT

17  CHRISTIANSON (#8414), EVANGELIQUE CORDERO (#10800), DYLAN WERTS (#10593),

18  GERARDO ORTIZ (#10697), JOSE VERA (#10743), ISAAC VIVANCO (#10940), MOISES

19  GUZMAN (#10948), J. GENERA (#10817), and D. BROOKS (#10939) at all times mentioned

20  herein were police officers duly employed by Defendant CITY. These defendants are sued as

21  employees of Defendants CITY and DEPARTMENT and in their individual capacities. At all

22  times mentioned herein these defendants were acting within the course and scope of their

23  employment as law enforcement officers for the CITY.

24         5.     The true names or capacities, whether individual, corporate, associate, or otherwise

25  of defendants, DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said

26  defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that

27  each of the defendants designated herein as a DOE is responsible in some manner for the events

28  and happenings herein referred to and  was a substantial factor in causing injuries and damages to

1  Plaintiff as herein alleged.

2       6.      Plaintiff is informed and believes and on that basis alleges that at all times herein

3  mentioned, each of the defendants was the agent or employee of each of the remaining defendants,

4  and in doing the things alleged in this Complaint, were acting within the course and scope of this

5  agency and employment.

6                                        **II.**

7                    **COMPLIANCE WITH THE TORT CLAIMS ACT**

8       7.      Plaintiff incorporates by reference the allegations in paragraphs 1-6, as set forth

9  above.

10      8.      Prior to the commencement of this action, on January 6, 2024, Plaintiff filed a

11  timely and comprehensive government claim against Defendant CITY. Plaintiff never received

12  any response to his claim. On June 6, 2024, Plaintiff requested from Defendant CITY an update on

13  the status of his claim via written letter. On June 10, 2024, the claims management company for

14  Defendant CITY responded to Plaintiff for the first time advising him that the claim was rejected

15  on January 12, 2024. This rejection letter was never provided to Plaintiff. Plaintiff is informed and

16  believes that the rejection letter was not in fact sent to Plaintiff. Among other things, the Proof of

17  Service attached to the rejection letter fails to identify the address it was sent to, such that any

18  purported Proof of Service is void. Furthermore, because Plaintiff never received a denial of his

19  January 6, 2024 claim from Defendant CITY, and Plaintiff in informed and believes that no denial

20  was in fact timely sent, Plaintiff hereby initiates the present lawsuit as lawfully allowed by statute.

21                                       **III.**

22                          **STATEMENT OF FACTS**

23      9.      Plaintiff incorporates by reference the allegations in paragraphs 1-8, as set forth

24  above.

25      10.     This is a civil rights action arising from Defendants' wrongful use of excessive

26  force and negligence, resulting in grievous injuries to Plaintiff. The subject incident was recorded

27  in whole or in part on body worn camera used by the officers.

28      11.     On July 10, 2023, Plaintiff possessed the right, guaranteed by the Fourth and

3
                                **COMPLAINT FOR DAMAGES**

1  Fourteenth Amendments of the United States Constitution, to be free from unreasonable and

2  excessive force by police officers.

3       12.    On that date, Plaintiff was approached by Defendant SKAUG while Plaintiff was

4  sitting in a borrowed vehicle located near 2770 W. Devonshire Avenue, Hemet, CA 92545.

5  Defendant SKAUG targeted Plaintiff although Plaintiff was not engaged in any unlawful activity

6  because Defendant SKAUG, by his own admission, recognized Plaintiff from "contacts with him

7  in the past." Plaintiff became fearful and ran away. Plaintiff was apprehended a short time later

8  when Defendants SKAUG, CHRISTIANSON, CORDERO, WERTS, ORTIZ, VERA,

9  VIVANCO, GUZMAN, GENERA, BROOKS, and DOES 1-100 all converged on Plaintiff.

10      13.    Defendants SKAUG, CORDERO, and CHRISTIANSON falsely stated in their

11  police reports that Plaintiff ran head on into Defendants CHRISTIANSON and CORDERO.

12  Defendants WERTS and ORTIZ also falsely stated in the police report that Plaintiff took a "guard

13  position," as used in martial arts, necessitating greater use of force to subdue him. There was

14  insufficient space in the area where Plaintiff was arrested for Plaintiff to run into the officers 'head

15  on,' and video shows that Plaintiff was not in a "guard position."

16      14.    Plaintiff was pulled to the ground by the aforementioned officers, then tasered by

17  Defendant SKAUG. On the ground, Plaintiff was pinned down on his back, unable to get up

18  because of all the officers around and on him. One or more of the officers used his knee and

19  bodyweight on Plaintiff's head. At the same time, other officers viciously kicked Plaintiff, and

20  beat him with a flashlight and closed fists. Specifically, Defendants SKAUG, CHRISTIANSON,

21  CORDERO, WERTS, ORTIZ, VERA, VIVANCO, GUZMAN, GENERA, BROOKS, and DOES

22  1-100 kicked Plaintiff's body and punched Plaintiff in the face with closed fists.

23      15.    At the time Defendants assaulted and battered Plaintiff, Plaintiff did not pose a

24  significant and immediate threat of death or serious physical injury to Defendants, or to anyone

25  else. Plaintiff was unarmed and there were no other people around. At all material times, the use of

26  force was not justified or lawful under the circumstances.

27      16.    Plaintiff's face and head were bloodied and bruised, and he suffered a concussion

28  as well as a black eye so severe that it took more than 2.5 months to clear up. Plaintiff has

**COMPLAINT FOR DAMAGES**

1    numbness to half of his face to this day as well as daily migraines and pain and tightness in his

2    back. The numbness and other injuries appear to be permanent. Plaintiff did not receive x-rays or

3    other imaging immediately after the incident. Despite these grievous injuries, Plaintiff was

4    "medically cleared" and booked at the Hemet Police Department the same day.

5        17.    As a result of this incident, Plaintiff experienced physical injuries as well as

6    extreme mental anguish and suffering. Plaintiff suffered injuries to Plaintiff's body, nervous

7    system, and person and was caused to suffer general damages and will continue to suffer general

8    damages in excess of the jurisdictional limits of this Court, in an amount to be specified in

9    accordance with the provisions of Code of Civil Procedure §§ 425.10 and 425.11.

10        18.    As a proximate result of the said conduct of the actions of defendants, and each of

11    them, Plaintiff was required to and did employ physicians and surgeons to examine, treat, and care

12    for plaintiff, and did incur medical and incidental expenses. Plaintiff is informed and believes and

13    based thereon alleges that there will be some additional medical expense, the exact amount of

14    which is unknown. Leave of Court will be sought to amend the Complaint to set forth the correct

15    amount of medical expense at such time as it is ascertained.

16        19.    As a further proximate result of the said conduct of the defendants, and each of

17    them, Plaintiff was prevented from attending to Plaintiff's usual occupation for a period of time;

18    Plaintiff is informed and believes and thereon alleges that Plaintiff will be prevented from

19    attending to said usual occupation for a period in the future and will sustain a further loss of

20    earnings. Leave of Court will be sought to amend the Complaint to set forth the exact amount

21    when the same is ascertained.

22        20.    At all material times, the actions and omissions of each defendant were intentional,

23    wanton, and willful, conscience-shocking, reckless, malicious, deliberately indifferent to

24    Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively

25    unreasonable.

26        / / /

27        / / /

28        / / /

5
**COMPLAINT FOR DAMAGES**

## IV.

## FIRST CAUSE OF ACTION

### Excessive Force (42 U.S.C. § 1983)

*By Plaintiff Against Defendants SKAUG, CHRISTIANSON, CORDERO, WERTS, ORTIZ, VERA, VIVANCO, GUZMAN, GENERA, BROOKS, and DOES 1-100*

21.    Plaintiff incorporates by reference the allegations in paragraphs 1-20, as set forth above.

22.    Without cause or justification, and acting under of color of law, Defendants SKAUG, CHRISTIANSON, CORDERO, WERTS, ORTIZ, VERA, VIVANCO, GUZMAN, GENERA, BROOKS, and DOES 1-100 used excessive force to arrest and/or detain Plaintiff when they kicked and punched Plaintiff, beat Plaintiff with a flashlight, compressed Plaintiff's head with their knees, tasered, and otherwise assaulted Plaintiff while he was lying on the ground.

23.    Defendants intentionally and maliciously deprived Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants, and each of them, subjected Plaintiff to unreasonable, unnecessary, and excessive force during his detention even through no strong government interest compelled the need for the officers to use such force.

24.    On information and belief, a reasonable law enforcement officer would not have brutally beaten Plaintiff under the same circumstances because Plaintiff did not pose any real, immediate, or significant threat of death or serious bodily injury to Defendants or to the public, there was no activity by Plaintiff that was inherently dangerous, as he was first running away and then pinned down on the ground by the officers.

25.    As a result, the use of force was excessive and objectively unreasonable under the circumstances. The force used was also performed with deliberate indifference to the safety and welfare of Plaintiff. Defendants' actions thereby deprived Plaintiff of his right to be free from the use of excessive force by law enforcement and his right to be protected by law enforcement, rather than attacked by it.

26.    By the actions and omissions described above, Defendants SKAUG,

6

**COMPLAINT FOR DAMAGES**

1    CHRISTIANSON, CORDERO, WERTS, ORTIZ, VERA, VIVANCO, GUZMAN, GENERA,

2    BROOKS, and DOES 1-100 violated 42 U.S.C. § 1983, depriving Plaintiff of the following

3    clearly-established and well-settled constitutional rights protected by the Fourteenth and

4    Fourteenth Amendments to U.S. Constitution:

5              a.   The right to be free from unreasonable searches and seizures as secured by the

6                   Fourth and Fourteenth Amendments.

7              b.   The right to be free from excessive and unreasonable force in the course of

8                   arrest or detention as secured by the Fourth and Fourteenth Amendments.

9              c.   The right to be free of unlawful, reckless, deliberately indifferent, and

10                  conscience-shocking excessive force as secured by the Fourteenth Amendment.

11   27.    As a direct and proximate result of Defendants' acts and omissions as set forth

12   above, which deprived Plaintiff of her clearly-established and well-settled constitutional rights

13   protected by the Fourteenth Amendment to the United States Constitution, Plaintiff sustained

14   injuries and damages as set forth in this complaint.

15   28.    In doing the foregoing wrongful acts, the individual Defendants, and each of them,

16   acted in reckless and callous disregard of the constitutional rights of Plaintiff. The wrongful acts,

17   and each of them, were willful, oppressive, fraudulent, and malicious, and thus warrant an award

18   of punitive damages against each individual defendant in an amount adequate to punish the

19   wrongdoers and deter future misconduct.

20   29.    The conduct of Defendants entitles Plaintiff to punitive damages (as to the

21   individual defendants only) and penalties allowable under 42 U.S.C. § 1983, as well as reasonable

22   costs and attorneys' fees under 42 U.S.C. § 1988.

23                                              **V.**

24                              **SECOND CAUSE OF ACTION**

25                                   **Assault and Battery**

26                           ***By Plaintiff Against All Defendants***

27   30.    Plaintiff incorporates by reference the allegations in paragraphs 1-29, as set forth

28   above.

7

**COMPLAINT FOR DAMAGES**

31.    As set forth above, Defendants CITY and DEPARTMENT, through their employees, Defendants SKAUG, CHRISTIANSON, CORDERO, WERTS, ORTIZ, VERA, VIVANCO, GUZMAN, GENERA, BROOKS, and DOES 1-100, intended to batter, kick, punch, and beat Plaintiff all about his body.

32.    Plaintiff did not consent to the use of such force by Defendants. The actions of Defendants aroused fear in the person of Plaintiff and were against his will.

33.    As a direct and proximate result of Defendants' acts and omissions as set forth above, Plaintiff sustained injuries and damages as set forth in this complaint.

34.    In doing the foregoing wrongful acts, the individual Defendants, and each of them, acted in reckless and callous disregard of the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, and thus warrant an award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct. The conduct of Defendants entitles Plaintiff to punitive damages (as to the individual defendants only) and penalties allowable under 42 U.S.C. § 1983, as well as reasonable costs and attorneys' fees.

35.    Defendants CITY and DEPARTMENT are vicariously liable for the wrongful acts of Defendants pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him to liability.

**VI.**

**THIRD CAUSE OF ACTION**

**Deliberate Indifference to Medical Care in Violation of Civil Rights Under the 14th Amendment (42 U.S.C. § 1983)**

***By Plaintiff Against Defendants SKAUG, CHRISTIANSON, CORDERO, WERTS, ORTIZ, VERA, VIVANCO, GUZMAN, GENERA, BROOKS, and DOES 1-100***

36.    Plaintiff incorporates by reference the allegations in paragraphs 1-35, as set forth above.

37.    A defendant is deliberately indifferent if he knows of and disregards an excessive

8

**COMPLAINT FOR DAMAGES**

1 | risk to a detainee's health and safety. (*Farmer v. Brennan* (1970) 511 U.S. 825.)

2 |        38.    In doing the acts and omissions described above, including "medically clearing"

3 | Plaintiff without medical evaluation or treatment/medical care for his head injuries, concussion,

4 | and other injuries, Defendants SKAUG, CHRISTIANSON, CORDERO, WERTS, ORTIZ,

5 | VERA, VIVANCO, GUZMAN, GENERA, BROOKS, and DOES 1-100 deprived Plaintiff of his

6 | right to medical care while in the custody of Defendants CITY and DEPARTMENT.

7 |        39.    It is apparent that Defendants should have known of the excessive risk to Plaintiff's

8 | safety if Plaintiff was not treated for a concussion/head injury after a serious assault that left his

9 | face and body bloodied and bruised. The individual officers and deputies who interacted with

10 | Plaintiff actually knew of a risk to Plaintiff's health and safety because they had assaulted him.

11 |        40.    As a direct and proximate result of Defendants' acts and omissions as set forth

12 | above, which deprived Plaintiff of his clearly-established and well-settled constitutional rights

13 | protected by the Fourteenth Amendment to the United States Constitution, Plaintiff sustained

14 | injuries and damages as set forth in this complaint.

15 |        41.    In doing the foregoing wrongful acts, the individual Defendants, and each of them,

16 | acted in reckless and callous disregard of the constitutional rights of Plaintiff. The wrongful acts,

17 | and each of them, were willful, oppressive, fraudulent, and malicious, and thus warrant an award

18 | of punitive damages against each individual defendant in an amount adequate to punish the

19 | wrongdoers and deter future misconduct. The conduct of Defendants entitles Plaintiff to punitive

20 | damages (as to the individual defendants only) and penalties allowable under 42 U.S.C. § 1983, as

21 | well as reasonable costs and attorneys' fees.

22 | **VII.**

23 | **FOURTH CAUSE OF ACTION**

24 | **Deliberate or Reckless Fabrication and/or Suppression of Evidence (42 U.S.C. § 1983)**

25 | ***By Plaintiff Against Defendants SKAUG, CHRISTIANSON, CORDERO, WERTS, ORTIZ,***

26 | ***VERA, VIVANCO, GUZMAN, GENERA, BROOKS, and DOES 1-100***

27 |        42.    Plaintiff incorporates by reference the allegations in paragraphs 1-41, as set forth

28 | above.

9

**COMPLAINT FOR DAMAGES**

43.    By the acts and omissions described above, Defendants SKAUG, CHRISTIANSON, CORDERO, WERTS, ORTIZ, VERA, VIVANCO, GUZMAN, GENERA, BROOKS, and DOES 1-100 violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

      a.   The right to be free from an unreasonable search and seizure;

      b.   The right to be free from an officer's deliberate indifference to an individual's rights or deliberate indifference to the truth in suppressing evidence;

      c.   The right to be free from an officer's deliberately fabricating evidence that was used to criminally charge him.

44.    Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for the rights of Plaintiff by filing false reports relating to, among other things, Plaintiff's running toward the officers or Plaintiff's taking a "guard position" on the ground, and other critical facts relating to Plaintiff. Defendants' actions were a substantial factor in Plaintiff's being taken into custody and the amount of force being used on Plaintiff.

45.    As a direct and proximate result of Defendants' acts and omissions as set forth above, which deprived Plaintiff of his clearly-established and well-settled constitutional rights protected by the Fourteenth Amendment to the United States Constitution, Plaintiff sustained injuries and damages as set forth in this complaint.

46.    In doing the foregoing wrongful acts, the individual Defendants, and each of them, acted in reckless and callous disregard of the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, and thus warrant an award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under California Civil Code § 1021.5 and 42 U.S.C. §§ 1983 and 1988.

///

10
**COMPLAINT FOR DAMAGES**

## VIII.

## **FIFTH CAUSE OF ACTION**

**Failure To Properly Screen, Hire, Train, Supervise, or Discipline (42 U.S.C. 1983)** (*Monell*)

***By Plaintiff Against Defendants CITY, DEPARTMENT, Chief ARELLANO, and DOES 1-100***

47.     Plaintiff incorporates by reference the allegations in paragraphs 1-46, as set forth above.

48.     Defendants CITY, DEPARTMENT, ARELLANO, and DOES 1-100, as a matter of custom, practice, and policy, failed to adequately and properly screen and hire Defendants' employees. These Defendants further failed to maintain adequate and proper training for officers and law enforcement personnel in the DEPARTMENT necessary to educate the officers as to the Constitutional rights of arrestees, to prevent the consistent and systematic use of force by arresting officers, and to prevent the excessive and extrajudicial punishment of potential arrestees by officers.

49.     Defendants CITY, DEPARTMENT, ARELLANO, and DOES 1-100 also failed to provide adequate supervision and discipline to officer and other law enforcement personnel that hold the power, authority, insignia, equipment, and arms entrusted to them. Defendants also failed to promulgate and enforce adequate policies and procedures related to alternative uses of force.

50.     The failure of Defendants, their agents, servants, and employees to properly screen and hire the defendant officers, or to maintain constitutionally adequate policies regarding training, as a matter of a policy, custom, and practice, in the exercise of their functions, was deliberately indifferent to the Constitutional rights of Plaintiff, and done with conscious disregard for the dangers of harm and injury to Plaintiff, and others similarly situated.

51.     Due to the acts of Defendants, the failure to properly screen and hire officers, and the continued employment of Defendants, a clear and present danger exists to the residents of the County of Riverside. Furthermore, Defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

52.     The unconstitutional actions and/or omissions of Defendants as well as other officers employed by or acting on behalf of the CITY, on information and belief, were pursuant to

11

**COMPLAINT FOR DAMAGES**

the following customs, policies, practices, and/or procedures of the DEPARTMENT, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for the CITY and DEPARTMENT:

    a.  To use or tolerate the use of excessive and/or unjustified force;

    b.  To fail to use appropriate and generally accepted law enforcement procedures for detentions and arrests, especially of unarmed individuals.

    c.  To cover-up violations of constitutional rights by and or all of the following:

        i.  By failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, and/or unlawful seizures.

        ii.  By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

        iii.  By allowing, tolerating and/or encouraging police officers to fail to file complete and accurate police reports, file false police reports, make false statements, intimidate, bias and/or coach witnesses to give false information and/or attempt to bolster officer's stories, and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduction, by withholding and or concealing material information.

        iv.  To allow, tolerated and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby and officer or member of the department does not provide adverse information against a fellow officer or member of the department; and

        v.  To use or tolerate inadequate, deficient, and improper procedures for handling, investigating and reviewing complaints of officer misconduct made under California Government Code §§ 910, *et seq.*

53.    The above-described policies and customs demonstrated a deliberate indifference on the part of Defendants to the constitutional rights of persons within their jurisdiction, and were the cause of the violations of Plaintiff's civil rights as alleged herein.

54.    In addition, Defendants' failure to screen, hire, train, supervise or discipline their

1  employees amounts to a deliberate indifference to the rights of persons with whom they come into

2  contact. Upon information and belief, Defendants were on notice of these crucial failures, such as

3  the lack of appropriate and functional systems to ensure arrestees with head injuries were provided

4  with medical care.

5      55.    Plaintiff is informed and believes and thereon alleges that the details of the subject

6  incident and the unconstitutional actions and/or omissions of Defendants, as described above,

7  were revealed to the authorized policymakers within the CITY and DEPARTMENT, including

8  Chief ARELLANO, and that such policymakers have direct knowledge of the fact that Plaintiff's

9  beating, tasing, detention, and arrest were not justified, but rather represented an unconstitutional

10  display of unreasonable and excessive force.

11      56.    Notwithstanding this knowledge, the authorized policymakers within the CITY and

12  DEPARTMENT, including Chief ARELLANO, have approved of the individual defendants' and

13  DOES 1-100, and have made a deliberate choice to endorse these Defendants' use of force against,

14  and detention and arrest of, Plaintiff. By doing so, the authorized policymakers within the CITY

15  and DEPARTMENT have approved, tolerated, ratified, and/or shown affirmative agreement with

16  the individual Defendants' actions and have ratified the unconstitutional acts of the individual

17  Defendants.

18      57.    The aforementioned customs, policies, and procedures; the failure to properly

19  adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; as well as

20  the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct by

21  Defendants CITY, DEPARTMENT, ARELLANO, and DEPARTMENT personnel, and DOES 1-

22  100, were a moving force and a proximate cause of deprivations of Plaintiff's clearly-established

23  and well-settled constitutional rights, in violation of 42 U.S.C. § 1983.

24      58.    Plaintiff is informed and believes and thereon alleges that the above-described

25  customs and policies were the moving force behind the violations of Plaintiff's rights. Based upon

26  the principles set forth in *Monell v. New York City Department of Social Services*, Defendants are

27  liable for all of the injuries sustained by Plaintiff as set forth above.

28      59.    The conduct herein alleged violated Plaintiff's rights, alleged above, which have

13

**COMPLAINT FOR DAMAGES**

1  legally, proximately, foreseeably, and actually caused Plaintiff to suffer general and special

2  damages, according to proof at the time of trial.

3      60.    Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of

4  rights described herein knowingly, maliciously, and with conscious and reckless disregard for

5  whether the rights and safety of Plaintiff and others would be violated by these acts and omissions.

6      61.    Due to the conduct of Defendants, and each of them, Plaintiff has been required to

7  incur attorneys' fees and will continue to incur attorneys' fees. Plaintiff is entitled to recovery of

8  said fees pursuant to 42 U.S.C. § 1988.

9                              **IX.**

10                    **SIXTH CAUSE OF ACTION**

11            **Violation of Cal. Civil Code § 52.1 (Bane Act)**

12              ***By Plaintiff Against All Defendants***

13      62.    Plaintiff incorporates by reference the allegations in paragraphs 1-61, as set forth

14  above.

15      63.    All of the individual defendants and DOES 1 through 100, acting within the course

16  and scope of their duties as employees of Defendants CITY and DEPARTMENT, caused the

17  injuries to Plaintiff described herein. Pursuant to California Government Code § 815.2,

18  Defendants CITY and DEPARTMENT are liable for the acts, omissions, and conduct of their

19  employees, including the individual defendants and DOES 1 through 100, whose negligent

20  conduct was the cause of Plaintiffs injuries.

21      64.    The conduct of Defendants constituted interference with the exercise of enjoyment

22  by Plaintiff of rights secured by the Constitution and laws of the United States, and/or secured by

23  the Constitution and laws of the State of California, including all of the following:

24          a.   The right to be free from unreasonable searches and seizures as secured by the

25              Fourth and Fourteenth Amendments.

26          b.   The right to be free from excessive and unreasonable force in the course of

27              arrest or detention as secured by the Fourth and Fourteenth Amendments.

28          c.   The right to be free of unlawful, reckless, deliberately indifferent, and

14

**COMPLAINT FOR DAMAGES**

1    conscience-shocking force as secured by the Fourteenth Amendment.

2    d.   The right to enjoy and defend life and liberty, acquire, possess and protect

3         property, and pursue and obtain safety, happiness and privacy, as secured by the

4         California Constitution, Article 1, § 1.

5    e.   The right of life, liberty and property and not to be deprived of those without

6         due process of law as secured by the California Constitution, Article 1, § 7.

7    f.   The right to be free from unlawful and unreasonable seizure of one's person,

8         including the right to be free from unreasonable or excessive force, as secured

9         by the California Constitution, Article 1, § 13.

10   g.   The right to protection from bodily restrain, harm or personal insult, as secured

11        by Cal. Civil Code § 43 .

12   65.   As a direct result of Defendants' conduct, Plaintiff's rights pursuant to California

13   Civil Code § 52.1 were violated, causing injuries and damages in an amount to be proven at the

14   time of trial.

15   66.   Due to the to the conduct of Defendants, and each of them, Plaintiff has been

16   required to incur attorneys' fees and will continue to incur attorneys' fees. Plaintiff is entitled to

17   recovery of said fees pursuant to California Civil Code § 52.1.

18                                           X.

19                          **SEVENTH CAUSE OF ACTION**

20   **Violation of Cal. Gov. Code §§ 844.6, 845.6 (Failure To Summon Immediate Medical Care)**

21                        ***By Plaintiff Against All Defendants***

22   67.   Plaintiff incorporates by reference the allegations in paragraphs 1-66, as set forth

23   above

24   68.   Pursuant to California Government Code §§ 844, 844.6, and 845.6, a public

25   employee and the public entity where the employee is acting within the course and scope of

26   employment is liable for injury proximately caused to a prisoner if the employee knows or has

27   reason to know that the prisoner is in need of immediate medical care and fails to take reasonable

28   action to summon such medical care.

15

**COMPLAINT FOR DAMAGES**

69.     Under these statutes, a "prisoner" includes an arrested person who is brought into a law enforcement facility for the purpose of being booked becomes a prisoner, as a matter of law, upon his or her initial entry into a jail or correctional facility, pursuant to penal processes.

70.     Government Code § 845.6 authorizes a cause of action against a public entity for its employees' failure to summon immediate medical care.

71.     Defendants knew or had reason to know that the Plaintiff was seriously injured as his face and body were bloodied and bruised, and needed immediate medical care for a potential head injury. Despite knowing this, Defendants failed to take reasonable action to summon immediate care for Plaintiff's face and head injuries and concussion.

72.     As a direct and legal consequence of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has sustained and incurred, and is certain to incur in the future, losses, injuries, and damages. Plaintiff will request leave of Court to determine the total amount of damages once the same as been ascertained.

## XI.

## EIGHTH CAUSE OF ACTION

### Negligence

### *By Plaintiff Against All Defendants*

73.     Plaintiff incorporates by reference the allegations in paragraphs 1-72, as set forth above.

74.     Under Government Code § 844.6, a public employee is liable for injuries proximately caused by his negligent or wrongful act or omission.

75.     At all relevant times, the individual defendants and DOES 1 through 100 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law or legal obligation. In addition, each Defendant owed Plaintiff the duty to act with reasonable care. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include, but are not limited to the following specific obligations:

a.  To refrain from using excessive and/or unreasonable force against Plaintiff;

b.  To refrain from unreasonably creating the situation where force is used;

16

**COMPLAINT FOR DAMAGES**

c.  To refrain from abusing their authority granted to them by law;

d.  To use tactics and force appropriate for a person that is detained, tased, lying flat on the floor, and unarmed;

e.  To refrain from violating Plaintiff's rights guaranteed by the United States California Constitution, as set forth above, and as otherwise protected by law;

76.    Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants CITY, DEPARTMENT, Chief ARELLANO, and Does 1-100, include but are not limited to the following specific obligations:

a.  to properly and adequately hire, investigate, train, supervise, monitor, evaluate and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with the law;

b.  to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's rights;

c.  to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth herein.

77.    Defendants, through their acts and omissions as described above, breached their aforementioned duties owed to Plaintiff.

78.    As a direct and proximate result of Defendants' acts and omissions as described above, Plaintiff suffered pain, suffering, and physical injuries. Defendants' acts and omissions were substantial factors in causing Plaintiff's injuries.

79.    As a direct and legal consequence of the aforesaid carelessness of Defendants, and each of them, Plaintiff has sustained and incurred, and is certain to incur in the future, losses, injuries, and damages. Plaintiff will request leave of Court to determine the total amount of damages once the same as been ascertained.

80.    In doing the foregoing wrongful acts, the individual Defendants, and each of them, acted in reckless and callous disregard of the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, and thus warrant an award

17

**COMPLAINT FOR DAMAGES**

1 | of punitive damages against each individual defendant in an amount adequate to punish the

2 | wrongdoers and deter future misconduct

3 | ## XII.

4 | ## NINTH CAUSE OF ACTION

5 | ### Violation of Cal. Civil Code § 51.7 (Ralph Act)

6 | ### By Plaintiff Against All Defendants

7 | 81.    Plaintiff incorporates by reference the allegations in paragraphs 1-80, as set forth

8 | above.

9 | 82.    Defendants, acting in concert/conspiracy as described above, violated Plaintiff's

10 | rights secured by California Civil Code § 51.7 to be free from any violence, or intimidation by

11 | threat of violence, committed against Plaintiff.

12 | 83.    As a direct and proximate result of Defendants' violation of California Civil Code §

13 | 51.7, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above, and all

14 | damages allowed by California Civil Code §§ 52, 51.7, and California law, not limited to attorney

15 | fees, costs, treble damages, and civil penalties.

16 | ## PRAYER FOR RELIEF

17 | WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

18 | 1.  For general damages in an amount to be ascertained in accordance with Code of

19 |     Civil Procedure §§ 425.10 and 425.11;

20 | 2.  For all medical and incidental expenses according to proof;

21 | 3.  For all loss of earnings according to proof;

22 | 4.  For exemplary and punitive damages against the individual defendants in an

23 |     amount according to proof;

24 | 5.  For other losses in an amount according to proof;

25 | 6.  For attorneys' fees under California Civil Code §§ 52 and 52.1, California Code of

26 |     Civil Procedure §1021.5, 42 U.S.C. §§ 1983 and 1988, and/or any other applicable

27 |     provision of law;

28 | 7.  For costs of suit incurred herein;

**COMPLAINT FOR DAMAGES**

8.  For prejudgment interest and other interest as provided by law; and

9.  For such other and further relief as the court shall deem just and proper.

## **JURY TRIAL DEMANDED**

PLEASE TAKE NOTICE that Plaintiff hereby demands trial by jury in the above-entitled action.

DATED:  December 6, 2024

GLICKMAN & GLICKMAN,
A LAW CORPORATION

By_____
STEVEN C. GLICKMAN
NICOLE E. HOIKKA
Attorneys for Plaintiff
RAUL PADILLA, JR.

19

**COMPLAINT FOR DAMAGES**