UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-00431-KK-DTBx** | Date: | May 20, 2026 |
|---|---|---|---|
| Title: | ***Raul Padilla, Jr. v. City of Hemet et al.*** | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) ORDER TO SHOW CAUSE Regarding Sanctions & Consenting Before a Magistrate Judge**

Plaintiff Raul Padilla, Jr. ("Plaintiff") commenced this action on December 6, 2024 by filing the operative Complaint in Riverside County Superior Court against defendants City of Hemet, Hemet Police Department, Chief Michael Arellano, Officer Colby Skaug, Sergeant Brent Christianson, Officer Evangelique Cordero, Officer Dylan Werts, Officer Gerardo Ortiz, Officer Jose Vera, Officer Isaac Vivanco, Officer Moises Guzman, Officer J. Genera, and Officer D. Brooks ("Defendants"). ECF Docket No. ("Dkt.") 1 at 8. On February 14, 2025, Defendants removed the action to this Court. Id. at 1.

On June 3, 2025, the Court issued a Civil Trial Scheduling Order setting February 26, 2026 as the last date to conduct mandatory settlement proceedings. Dkt. 16 at 1. The Court's Civil Standing Order specifically states, "Requests for continuances will not be routinely granted," and that such requests must be made "no later than five (5) court days prior to the expiration of the scheduled date." Dkt. 9 at 7-8. The Civil Standing Order also explicitly advises, "Requests to continue dates that have passed will be denied." Id. at 8.

On January 23, 2026, the Court granted the parties' joint stipulation to modify the Civil Trial Scheduling Order, continuing, among other things, the mandatory settlement proceedings deadline to May 12, 2026. Dkt. 26 at 2. However, the Court made clear "[n]o further continuances shall be granted." Id.

On May 19, 2026 – seven days after the ADR deadline – the parties filed a Joint Report notifying the Court they had not completed ADR proceedings. Dkt. 39. The parties claim they originally scheduled mediation for February 19, 2026 but rescheduled to August 24, 2026 because

"the case was not postured for a productive mediation at that time." Id. at 2.  Notably, rather than file a proper request for continuance, the parties informally asked to (1) conduct a settlement conference before a magistrate judge or (2) continue "all current dates including trial so that the mediation . . . may take place before trial." Id. at 2-3.  Trial is presently set for July 27, 2026.  Dkt. 26 at 2.

By failing to complete this Court's mandatory ADR proceedings by the deadline set, the parties are in violation of this Court's Orders.  Additionally, the Court will not consider the parties' informal request for a continuance.  The Court has already continued deadlines at the parties' request, see id. at 1-2, and in any event, the Court finds the parties fail to present good cause for continuing the Court's current scheduling order yet again.

Given the parties' violation of the Court's Civil Trial Scheduling Order, the parties are **ORDERED TO SHOW CAUSE** in writing no later than May 26, 2026, why they should not be sanctioned in the amount of $1,000 each.

Finally, the Court is not inclined to continue trial and related dates, and the parties have already been explicitly warned no further continuances would be granted.  The parties are thus ordered to meet and confer and file a joint statement no later than seven (7) days from the date of this Order indicating whether they will consent to proceed before a Magistrate Judge, who will likely have greater scheduling flexibility, for all future proceedings.  The list of Magistrate Judges participating in the voluntary consent program can be found here: https://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-magistrate-judges.  Failure to comply will result in sanctions, including monetary sanctions.

**IT IS SO ORDERED.**